OPINION. Murdock, Judge: The first question is one of fact, what was the purpose and effect of the work? The evidence shows that repairs, rather than replacements, alterations, improvements, or additions were made. Illinois Merchants Trust Co., 4 B. T. A. 103. They merely permitted the continued use of the building without substantially extending its former estimated useful life. Their cost, while large in relation to the original cost and unexhausted basis for the building, has been satisfactorily explained. The arbitrary action of the Commissioner in allowing one-fourth and disallowing three-fourths of that expense for each year was in error. The entire amount expended in each year ,was deductible. The Commissioner allowed a deduction for 1942 on bottles and crates somewhat in excess of the $10,079.79 claimed for depreciation at the usual rate. He disallowed $16,957.37 of the total claimed for depreciation and the unusual -loss on the ground that it was unsubstantiated. It has now been substantiated, although proof of an exact amount is precluded by the nature of the loss and the absence of records of the exact basis of the property lost. However, the exact amount is not absolutely essential for a deduction tied in with depreciation. Buckeye Producing Co., 15 B. T. A. 485. The respondent would have the petitioner include in income the deposits on bottles as sales and then take deductions for the refunds. These, were not sales,. The petitioner chose to record them as true deposits, liabilities, rather than as income. That method was in accordance with the nature of the deposits' as required by the O. P. A. and properly reflected the transactions for' income tax purposes. Wichita Coca-Cola Bottling Co. v. United States, 152 Fed. (2d) 6; certiorari denied, 327 U. S. 806. The Commissioner had no right to depart from that accounting method merely to compute larger taxes for the period as a whole. The O. P. A. violation, unlike those in Scioto Provision Co., 9 T. C. 439, and Garibaldi & Cuneo, 9 T. C, 446, was about as insignificant as such a thing could be. The amount was small. The violation was inadvertent and unintentional rather than in deliberate or careless disregard of the law. It was unnoticed until later discovered by the president of the petitioner. He voluntarily brought it to the attention of the O. P. A. authorities and paid the amount without compulsion. Apparently the O. P. A. had no power at that time to require such a payment. See I. T. 3800,1946-1 C. B. 82. The director’s letter indicates that allowance of a deduction for the amount paid would not be contrary to any well defined public policy. Jerry Rossman Corporation v. Commissioner, 175 Fed. (2d) 711, Some such trivial mistakes probably occur in most businesses of any size. The argument of the respondent is that the. details of the violation have not been shown adequately. That was due partly to the fact that the president, who discovered the overcharges, died prior to the trial. However, the payment is clear enough and the record justifies the conclusion that the sales were made in 1944. There is not any suggestion that they were made to the United States Government. Beviewed by the Court. Decision will be entered v/nder Rule 50.